# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DONNIE WILKES and THERESA WILKES, | ) |
| Plaintiffs/Counter-Defendants, | ) Case No. 3:09-0146 |
| v. | ) Judge Wiseman |
| | ) Magistrate Judge Knowles |
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | ) Jury Demand |
| Defendant/Counter-Plaintiff. | ) |

## AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant/Counter-Plaintiff, American National Property and Casualty Company (hereinafter referred to as "ANPAC"), by and through counsel, and respectfully moves this Honorable Court for Summary Judgment on all claims asserted against it, pursuant to Federal Rule of Civil Procedure 56 and LR 56.01.

A thorough investigation of the November 9, 2007, fire loss resulted in a finding of an intentional act of arson on the part of an insured, namely Theresa Wilkes, thereby breaching the ANPAC Homeowner's Policy, and precluding coverage. The foundation of this Motion is to substantiate that finding, and delineate to the Court the fact that ANPAC is relieved of any duty to provide coverage for the November 9, 2007, fire loss at the Plaintiffs/Counter-Defendants', Donnie and Theresa Wilkes' (hereinafter referred to as "Mr. & Mrs. Wilkes") home. This statement is substantiated throughout the body of contemporaneously filed dispositive pleadings based upon direct evidence, including expert reports and Affidavits; and cumulative

1

circumstantial evidentiary findings in this case, which plainly reveal an act of arson on the part of an ANPAC insured.

Arson clearly constitutes an intentional act on the part of any identified ANPAC insured, thereby resulting in an unmistakable breach of the contract provisions, namely the intentional act contract term.

Mr. & Mrs. Wilkes cannot demonstrate a genuine issue of disputed material fact entitling them to relief based upon any breach of contract theory in association with their Tennessee Special Homeowner's Policy contract. First, undisputed expert testimony shows the incendiary origin of the November 9, 2007 fire. Second, undisputed direct evidence shows that an insured, in the form of only, Mr. and/or Mrs. Wilkes, possessed the opportunity to set the fire because they were the only two (2) individuals present at the home when it started, pursuant to their own sworn testimony. Third, investigative efforts amassed evidence supporting various motives for an insured to have set the fire including, but not limited to: Anger, jealousy, and financial hardship, all of which point to Theresa Wilkes, named insured.

Therefore, ANPAC is entitled to Summary Judgment on any possible breach of contract claim asserted against it.

In support of its position, ANPAC relies upon the contemporaneously filed Memorandum of Law and Statement of Undisputed Material Facts, as well as the following authority:

    A.    EFI Global Cause and Origin report, prepared by Fred L. Page, Expert Senior Fire Investigator, C.F.E.I., Nashville Service Center;

    B.    Curriculum Vitae of Fred L. Page, Expert Senior Fire Investigator, C.F.E.I., with EFI Global;

    C.    Affidavit of Fred L. Page, Expert Senior Fire Investigator, C.F.E.I., with EFI Global;

D. Certified copy of Tennessee Special Homeowner's Policy from American National Property and Casualty Company;

E. EFI Global Engineering Inspection Report, prepared by Matt Forbes, P.E., Expert Consulting Engineer;

F. Curriculum Vitae of Matt Forbes, P.E., Expert Consulting Engineer, EFI Global;

G. Affidavit of Matt Forbes, P.E., Expert Consulting Engineer, EFI Global;

H. Affidavit of Kelli Anderson, ANPAC SIU Divisional Support;

I. Affidavit of Danny Perry, Captain of Clarksville Fire & Rescue Department, and Expert Arson Investigator;

J. Excerpts from Examination under Oath of Theresa Wilkes, insured, conducted January 21, 2008;

K. Excerpts from Examination under Oath of Theresa Wilkes, insured, conducted February 6, 2008;

L. Excerpts from Examination under Oath of Donnie L. Wilkes, insured, conducted February 6, 2008;

M. Copy of *Sowards v. Grange Mutual Casualty Company*, No. 3:07-cv-0354, 2008 WL 3164523 (M.D. Tenn. Aug. 4, 2008);

N. Copy of *Mathis v. Allstate Ins. Co.*, No. 91-5754, 1992 WL 70192 (6th Cir. Apr. 8, 1992); and

O. Copy of Investigative Report; and

P. Copy of *Smith v. Fireman's Fund Ins. Co.*, 16 F.3d 1221, 1994 WL 6043, (6th Cir. Jan. 7, 1994).

Further, ANPAC hereby requests permission to file a Reply to any Response forthcoming to this Motion.

Respectfully submitted,

**MILLS & COOPER**


   /s/Michele E. Cooper
**MICHELE E. COOPER, BPR # 17312**
5042 Thoroughbred Ln. Suite A
Brentwood, TN 37027
(615) 221-8218

**COUNSEL FOR ANPAC**


### CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was filed electronically on this, the 23rd day of November, 2009. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including the following, who may access this filing through the Court's electronic filing system:

   Mart G. Fendley, Esq.
   128 Public Sq.
   Clarksville, TN 37040


   /s/Michele E. Cooper
**MICHELE E. COOPER**